IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
    v.                      )   2:98cr21-MHT
                            )        (WO)
QUINCY CHRISTIAN            )
```

OPINION AND ORDER

The issue before the court is what to do upon receipt of a psychological report, agreed to by counsel for all parties, finding that a defendant is incompetent to stand for hearing on whether he violated the conditions of his supervised release.

I. BACKGROUND

Defendant Quincy Christian was convicted of drug- and firearm-related offenses in 1998 and sentenced to 93 months' imprisonment followed by five years of supervised release. Christian began his period of supervised release on July 13, 2005. On June 28, 2006, his proba-tion officer petitioned the court to revoke his super-

vised release, alleging that he had violated the conditions of supervised release. Christian, by and through his attorney, filed an unopposed motion for a mental competency examination pursuant to the Insanity Defense Reform Act, 18 U.S.C. §§ 4241, 4247(b). The United States Magistrate Judge granted the motion. See United States v. Avery, 238 F.Supp.2d 1269, 1271-73 (M.D. Ala. 2004) (Thompson, J.) (the Insanity Defense Reform Act, 18 U.S.C. §§ 4241-4246, applies to probation revocation hearings as well as criminal trials).

Dr. Maureen Burris, a qualified forensic psychologist, conducted an evaluation of Christian, see 18 U.S.C. §§ 4241(b), 4247(b), and filed a report on Christian's mental competency to stand trial, see 18 U.S.C. §§ 4241(b), 4247(c). Dr. Burris concludes that Christian suffers from schizophrenia, that this condition "appears to impair his present ability to understand the nature and consequences of the court proceedings against him," and that his "ability to cooperate with counsel in his

defense and participate in court proceedings appears to be impaired."

Pursuant to 18 U.S.C. §§ 4241(c) & 4247(d), a hearing was held this morning on the report.

## II. DISCUSSION

### A.

The first legal issue presented by the report is whether Christian is mentally competent to stand for hearing on the revocation petition, that is, whether he is presently "suffering from a mental disease or defect rendering him ... unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).

Counsel for both Christian and the government agreed to have the court resolve the issue of Christian's competency on the basis of Dr. Burris's psychological report alone.  The court has reviewed the report and, based on the report, finds that Christian is currently

suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  18 U.S.C. §§ 4241(d).

### B.

18 U.S.C. § 4241(d) has two provisions that come into play once a court has found that a defendant is currently incompetent to stand trial.  The first provision, § 4241(d)(1), requires the court to order the Attorney General of the United States to hospitalize an incompetent defendant for a period of time, not to exceed four months, in order for medical and psychiatric personnel to determine whether there is a substantial probability that the defendant will become competent in a reasonable time.  The second provision, § 4241(d)(2), allows the Attorney General to hospitalize a defendant for an additional reasonable period of time upon a finding by the court that there is a substantial

probability that the defendant will become competent within that time. If after either the initial commitment under § 4241(d)(1) or the additional commitment under § 4241(d)(2) the court finds that there is little or no chance that the defendant will become competent, the defendant then becomes subject to the provisions of 18 U.S.C. § 4246, which contemplates that the Attorney General will seek to commit civilly an incompetent defendant if he is found to be dangerous.

Based on the court's finding that Christian is currently mentally incompetent to stand for hearing on the revocation petition, the court will therefore order, pursuant to 18 U.S.C. § 4241(d)(1), that the Attorney General of the United States hospitalize him for a period of time, not to exceed four months, in order for medical and psychiatric personnel to determine whether there is a substantial probability that he will become competent in a reasonable time.

Accordingly, it is ORDERED as follows:

(1) Defendant Quincy Christian is declared mentally incompetent to stand trial on the revocation petition pending in this case.

(2) Defendant Christian is again committed to the custody of the Attorney General of the United States. 18 U.S.C. § 4241(d).

(3) The Attorney General shall take physical custody of defendant Christian as soon as possible.

(4) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant Christian for treatment at a federal medical center or another suitable facility for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Christian will attain the capacity to permit his probation revocation hearing to proceed.

(5) The medical personnel supervising defendant Christian's treatment shall produce a brief status report every 30 days summarizing defendant Christian's condition, progress, and course of treatment.

(6) Said status reports, as well as any additional or final reports on defendant Christian's medical or psychological condition, shall be disclosed to defense counsel, the United States, and the U.S. Probation Office, and filed with this court under seal.

DONE, this the 27th day of November, 2006.

                                       /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**